# Exhibit A



A60024
917 91

LINDA GUTHMANN KRIEGER, BAR NO. 148728
LGK@Kriegerlaw.com

PATRICK A. GANGITANO, BAR NO. 281867
PAG@Kriegerlaw.com

**KRIEGER & KRIEGER**, A Law Corporation
249 E. OCEAN BOULEVARD, SUITE 750
LONG BEACH, CALIFORNIA 90802
Tel: (562) 901-2500 Fax: (562) 901-2522

**Attorneys for Plaintiff**
BRIDGET KORNS

**FILED**
Superior Court of California
County of Los Angeles

MAR 1 8 2016

Sherri R. Carter, Executive Officer/Clerk
By _Cristina Grijalva_ Deputy
Cristina Grijalva

D52  Susan Bryant-Deason

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

BRIDGET KORNS, an individual,

　　　　Plaintiff,

　　v.

HERTZ LOCAL EDITION CORP.;
LAKEISHA CARTER, an individual; DEREK
JUDEN, an individual; and DOES 1 – 100,
inclusive,

　　　　Defendants.

Case No.:

**BC 6 1 3 8 4 1**

COMPLAINT FOR DAMAGES

1. Disability Discrimination in Violation of
   FEHA (Gov't. Code § 12940 (a));
2. Harassment Based on Pregnancy and/or
   Disability in Violation of FEHA (Gov't.
   Code § 12940(j));
3. Pregnancy Discrimination in Violation of
   Gov't. Code §§ 12940(a) and 12945;
4. Discrimination in Violation of FMLA
   29 U.S.C. § 2615 and California Family
   Rights Act;
5. Failure to Prevent Discrimination (Gov't.
   Code § 12940 (k));
6. Failure to Accommodate Disability
   (Gov't. Code § 12940 (m));
7. Failure to Engage in the Interactive
   Process (Gov't. Code § 12940 (n));
8. Wrongful Termination in Violation of
   Public Policy; and
9. Intentional Infliction of Emotional
   Distress

**COMES NOW**, Plaintiff BRIDGET KORNS and for causes of action against Defendants,
and each of them, alleges as follows:

-1-

COMPLAINT FOR DAMAGES




## VENUE AND PARTIES

1.      Plaintiff BRIDGET KORNS (hereinafter "Plaintiff") at all times relevant hereto was a resident of the city of Los Angeles in Los Angeles County, California.

2.      Plaintiff is informed and believes and thereon alleges that Defendant HERTZ LOCAL EDITION CORP., (hereinafter "Defendant Hertz") is and at all times relevant hereto was a Delaware corporation doing business in Los Angeles County, California.

3.      Plaintiff is informed and believes and thereon alleges that Defendant Lakeisha Carter, (hereinafter "Defendant Carter") is and at all times relevant hereto was an individual residing in and employed in Los Angeles County, California.

4.      Plaintiff is informed and believes and thereon alleges that Defendant Derek Juden, (hereinafter "Defendant Juden") is and at all times relevant hereto was an individual residing in and employed in Los Angeles County, California.

5.      The true names and capacities, whether corporate, individual, associate or otherwise, of Defendants designated herein as Does 1 – 100, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when the same have been ascertained.

6.      Plaintiff is informed and believes and thereon alleges that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, occurrences and transactions alleged herein.

7.      Plaintiff is informed and believes and thereon alleges that in performing the unlawful acts alleged herein, each Defendant was the agent, employee and representative of each of the remaining Defendants, and in doing the unlawful things alleged was acting within the course, purpose, scope and authority of such agency, employment or representation.

8.      Venue is properly laid in this Court inasmuch as the acts upon which Plaintiff sues herein occurred within the County of Los Angeles; Plaintiff was injured in the County of Los Angeles; and Defendants do business in the County of Los Angeles in the State of California.

-2-

03/18/2016




9.    Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and references shall also be deemed to be the acts and failures of each Defendant acting individually, jointly and severally.

## GENERAL ALLEGATIONS

10.    Plaintiff was employed by Defendant Hertz from August 2011 until through December 1, 2014, first as a Rental Agent in the Woodland Hills office, and later as Assistant Branch Manager in the West Covina office.

11.    Defendant is a global car rental company doing business in Los Angeles County, California.

12.    Plaintiff learned she was pregnant during her employment with Defendants, and found out that she had a condition known as a detached uterus, resulting in a high-risk pregnancy.

13.    Defendant Hertz had a culture of discouraging maternity leave, and trained its managers, including Plaintiff, to discourage employees from taking maternity leave "at all costs." Defendant Hertz also told Plaintiff, as part of her management training, "We don't want pregnant employees at our branch," and that certain employees who had taken maternity leave would not be promoted or were "not coming back." These harassing comments made Plaintiff wary about taking pregnancy leave.

14.    Plaintiff informed her Branch Manager, Defendant Derek Juden, that she was pregnant, and that her detached uterus made it a high-risk pregnancy. Plaintiff requested accommodations in the form of back office paperwork assignments where she could sit down, as opposed to the front office assignments that involved almost constant standing, walking and stooping, along with the responsibility of manually opening a non-functioning heavy metal gate outside the facility.  Mr. Juden refused to grant this accommodation.

15.    Plaintiff required bed rest because of her pregnancy complications on multiple occasions, and used sick and vacation time during those periods.  Hertz harassed Plaintiff and retaliated against her for taking this time off by writing her up for decreased sales numbers. Another salesperson with similar sales numbers was not written up.

-3-

COMPLAINT FOR DAMAGES



16.     Plaintiff experienced a sharp, shooting pain in her lower spine in February 2014, and was taken to the emergency room and diagnosed with an inflamed sciatic nerve. Her OBGYN wrote her a note on February 19, 2014 modifying her duties to restrict pushing, pulling, or lifting over 15 lbs., and limiting standing, walking, stooping, and bending. The note also stated Plaintiff should "not be on her feet more than two hours without a sitting break."

17.     Plaintiff presented this note to Mr. Juden and asked that she be accommodated by scheduling her with another employee who was not also pregnant. Instead of accommodating her, Mr. Juden further harassed Plaintiff by forcing her to continue working with only one other associate, who was also pregnant, resulting in a physically stressful and medically dangerous environment with no assistance from Hertz management.

18.     During this time, Plaintiff suffered another sciatic episode, requiring an emergency room visit and a three-week medical leave.

19.     Plaintiff was written up again for decreased sales numbers in March 2014. Again, no other employee was written up, despite having similar numbers.

20.     Plaintiff suffered harassment at the hands of co-workers because of her disability. People made comments to the effect that she only needed accommodations because she was "being lazy," and not because of her pregnancy. Plaintiff reported the harassment to Mr. Juden, who did not take any action to prevent further harassment.

21.     On March 26, 2014, while at work, Plaintiff discharged amniotic fluid and required medical attention to check on her health as well as the health of her baby.  Plaintiff's branch was short-staffed that day, and Plaintiff told Mr. Juden that she needed to go to the hospital immediately. Mr. Juden merely told her to "sit down" and did not offer assistance or permission to seek medical attention. Plaintiff's husband picked her up and took her to the hospital, where she was diagnosed with an open cervix and immediately admitted. Plaintiff informed Mr. Juden of this, and he curtly responded only "tell Lakeisha."

22.     After two days of attempts by doctors to save her pregnancy, on March 28, 2014, Plaintiff went into pre-term labor and delivered. She was only twenty weeks pregnant. Although doctors attempted procedures to save the life of her baby, who was named Lillith, the child passed

-4-

COMPLAINT FOR DAMAGES

 

away the same day. Doctors informed Plaintiff that two more weeks may have given the child a chance at survival.

23.    After returning home, Plaintiff found out she had a blood clot and had to return to the hospital, where she was diagnosed with gallbladder issues and underwent surgery to have her gallbladder removed.

24.    Plaintiff's doctors took her off work for depression, anxiety, and post-traumatic stress syndrome for several months. She attempted to reach several individuals in Hertz management to inform them of her loss and her medical condition, and to inquire about medical and bereavement leave. Hertz did not respond to Plaintiff's first several attempts at contact. Finally Area Manager, Peter Beckner, Mr. Juden's supervisor, responded and told Plaintiff that he had been unaware of her situation until then, indicating that upper management was never informed of her previous requests for accommodation.

25.    Mr. Juden further harassed Plaintiff by scolding her for contacting Mr. Beckner rather than awaiting a response from him. This was Mr. Juden's first communication with Plaintiff after he learned of her daughter's death, which negatively impacted Plaintiff's mental and emotional state.

26.    Defendant Carter, Manager of the Human Resources Department, eventually provided Plaintiff with FMLA forms, but refused to offer any guidance or assistance with their completion, and refused to provide information about whether they had been properly completed, causing further stress to Plaintiff.

27.    On May 5, 2014, Plaintiff wrote a complaint letter to Ms. Carter and Tracy Kersey. She complained of discrimination and of Hertz's failure to accommodate her pregnancy-related medical restrictions. Plaintiff described her medical situation in detail, as well as the death of her child. The letter also addressed the negative discriminatory treatment and comments she endured from Mr. Juden and other coworkers. She asked that Hertz investigate and "put an end to this discrimination and failure to accommodate." Plaintiff also asked to be transferred to the Fontana branch of Hertz so she could work under different management.

-5-



28.    Ms. Carter responded via email on May 9, 2014, stating that she would begin an investigation into Plaintiff's complaints. On May 19, 2014, despite never interviewing Plaintiff, Ms. Carter informed Plaintiff via email that her complaints were found to have been "unsubstantiated." Ms. Carter did acknowledge some harassing comments had been made, but defended them by stating they had been made in a "joking manner." Plaintiff was told she was expected to return to work on June 20, 2014, when her FMLA/CFRA expired.

29.    Plaintiff's psychiatrist placed her off work through December 2014, through a series of notes which Plaintiff timely provided to Hertz.

30.    On December 22, 2014, Ms. Carter emailed Plaintiff and abruptly terminated her employment, retroactive to December 1, 2014. The stated reason was that Hertz could "no longer accommodate [Plaintiff's] continued absence." In the same letter, Ms. Carter acknowledged that Plaintiff's doctors believed she would return to work by the end of the month.

31.    As a result of Defendants' actions described in this Complaint, Plaintiff has suffered financial damages and emotional distress including depression, stress, anxiety, frequent panic attacks, and other symptoms for which she has sought medical treatment and for which she may need ongoing treatment in the future.

32.    Plaintiff filed a timely complaint of discrimination, harassment, retaliation, and other claims, against Defendants Hertz and Carter with the California Department of Fair Employment and Housing (hereinafter "DFEH") and received a notice dated March 19, 2015 of the right to sue in a California Superior Court pursuant to Cal. Gov't. Code § 12965(b). A true and correct copy of such complaint of discrimination and notice of right to sue letter against Defendants is attached hereto and marked as Exhibit "A" and is incorporated herein by reference as though fully set forth at length.

33.    Plaintiff has exhausted all of her administrative remedies under state law with regard to discrimination, harassment, and retaliation on the basis of disability, pregnancy and gender.

//

//

-6-

COMPLAINT FOR DAMAGES




## FIRST CAUSE OF ACTION

### (Disability Discrimination in Violation of FEHA (Gov't. Code § 12940(a)) -

### Against Defendant Hertz and Does 1-100)

34.    The allegations of paragraphs 1 through 33 are realleged and incorporated herein by reference.

35.    Plaintiff was at all times material hereto an employee covered by Cal. Gov't. Code § 12940 prohibiting discrimination in employment on the basis of physical disability.

36.    Plaintiff is a female who was physically disabled during the relevant period of time to which this complaint pertains.

37.    Defendant Hertz is and was at all times material hereto an employer within the meaning of Cal. Gov't. Code  §12926(c) and, as such, is barred from discriminating in employment decisions on the basis of physical disability as set forth in Cal. Gov't. Code § 12940.

38.    From October 2013 until Plaintiff's termination, Defendant Hertz engaged in the following actions: disparate treatment of Plaintiff; discrimination in terms, conditions, and/or privileges of employment; refusal to provide Plaintiff with a modified work schedule; refusal to accommodate Plaintiff by keeping her job open until she was able to return to work or providing her with a comparable job once she was cleared by her physician to return to work; and discharging Plaintiff from her employment, all as a result of her physical disabilities caused by her pregnancy. The above conduct constituted unlawful discrimination against Plaintiff on the account of Plaintiff's physical disability in violation of Gov't. Code § 12940(a).

39.    None of the discriminatory conduct of Defendant Hertz, as alleged above, was based upon a bona fide occupational qualification.

40.    As a direct, foreseeable and legal result of Defendant Hertz's discrimination against Plaintiff, Plaintiff has suffered and continues to suffer losses incurred in seeking substitute employment and in earnings, bonuses, and other employment benefits, and has suffered and continues to suffer substantial embarrassment, extreme and severe humiliation, mental anguish, and emotional distress, plus physical injuries, pain and suffering, all to her damage in an amount according to proof. Furthermore, Plaintiff has incurred and/or will incur medical expenses for

-7-

COMPLAINT FOR DAMAGES



1  treatment by health professionals and for other incidental expenses. Plaintiff thereby is entitled to

2  general and compensatory damages in amounts to be proven at trial.

3    41.    At all times herein, the aforementioned acts of oppression, fraud or malice were

4  authorized and/or ratified, with advance knowledge and conscious disregard, by Defendant Hertz.

5  Consequently, Plaintiff is entitled to punitive damages against Defendant Hertz.

6    42.    As a result of Defendant Hertz's discriminatory acts as alleged herein, Plaintiff is

7  entitled to reasonable attorneys' fees and costs of suit as provided by Cal. Gov't. Code § 12965(b).

8

9                          **SECOND CAUSE OF ACTION**

10    **(Harassment Based on Pregnancy and/or Disability (Cal. Gov't. Code § 12940(j)) –**

11              **Against Defendants Hertz, Carter and Does 1-100)**

12    43.    The allegations of Paragraphs 1 through 42 are realleged and incorporated herein

13  by reference.

14    44.    Commencing in or about October 2013, and continuing throughout the remainder

15  of her employment, Defendants, including Defendant Carter, harassed Plaintiff based on her

16  pregnancy and/or disability by making repeated rude and inappropriate comments about Plaintiff's

17  pregnancy, writing her up in relation to her sales numbers affected by pregnancy, and refusing to

18  acknowledge or accommodate her requests for assistance. Defendants, including Defendant Carter,

19  condoned the acts of their employees by allowing the remarks to have been made, allowing the

20  write-ups to occur, and by failing to investigate and remedy these actions. Defendants have also

21  retaliated against Plaintiff for complaining about this harassment and discrimination.

22    45.    Plaintiff is informed and believes and thereon alleges that Defendants have been

23  and are currently aware of various instances of harassment and discrimination on the basis of

24  pregnancy and/or disability throughout locations operated by Defendants, all of which were well

25  known to Defendants before Plaintiff was harassed based on her pregnancy and/or disability. Such

26  conduct was sufficiently pervasive and severe as to alter the conditions of employment and created

27  an intimidating and hostile work environment. Accordingly, Defendants' conduct constitutes illegal

28  harassment in violation of Cal. Gov't. Code § 12940(j).

-8-

COMPLAINT FOR DAMAGES

 

46.     Defendants, and each of them, are liable for the harassment of Plaintiff, because they were aware of the illegal harassment of Plaintiff by other employees and failed to take immediate and appropriate corrective action. Such conduct violates Cal Gov't. Code §§ 12940(j) and (k).

47.     As a direct, foreseeable and legal result of Defendants' harassment against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses and has suffered and continues to suffer substantial embarrassment, extreme and severe humiliation, mental anguish, and emotional distress, plus physical injuries, pain and suffering, all to her damage in an amount according to proof. Furthermore, Plaintiff has incurred and/or will incur medical expenses for treatment by health professionals and for other incidental expenses. Plaintiff thereby is entitled to general and compensatory damages in amounts to be proven at trial.

48.     The Defendants committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring the Plaintiff, and/or in reckless disregard of Plaintiff's rights or with a conscious disregard for Plaintiff's rights and for the deleterious consequences of the Defendants' actions. Defendants, through their officers, managing agents and/or supervisors and employees authorized, condoned and ratified the unlawful conduct of all of the other Defendants named in this action. Consequently, Plaintiff is therefore entitled to recover punitive damages from all Defendants in an amount according to proof.

49.     As a result of the Defendants' harassing acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by Cal. Gov't. Code § 12965(b).

### THIRD CAUSE OF ACTION

**(Pregnancy Discrimination in Violation of Gov't. Code §§ 12940(a) and 12945 – Against Defendant Hertz and Does 1-100)**

50.     The allegations of Paragraphs 1 through 49 are realleged and incorporated herein by reference.

51.     Plaintiff was at all times material hereto a female employee covered by Cal. Gov't. Code §§ 12940 and 12945 prohibiting discrimination in employment on the basis of pregnancy.

-9-

03/18/2016



52. Defendant Hertz was at all times material hereto an employer within the meaning of Gov't. Code § 12926(d) and, as such, is barred from discriminating in employment decisions on the basis of pregnancy as set forth in Gov't. Code §§ 12940 and 12945.

53. The conduct of Defendant Hertz, as alleged above, constitutes unlawful pregnancy discrimination under Gov't. Code §§ 12940 and 12945 in that Plaintiff was subjected to adverse treatment, denied equal treatment, denied job benefits and opportunities, otherwise discriminated against and ultimately terminated on account of her pregnancy.

54. None of the discriminatory conduct of Defendant Hertz, as alleged above, was based upon a bona fide occupational qualification.

55. As a direct, foreseeable and legal result of Defendant Hertz's discrimination against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses incurred in seeking substitute employment and in earnings, bonuses, and other employment benefits, and has suffered and continues to suffer substantial embarrassment, extreme and severe humiliation, mental anguish, and emotional distress, all to her damage in an amount according to proof. Furthermore, Plaintiff has incurred and/or will incur medical expenses for treatment by psychotherapists and/or other health professionals and for other incidental expenses.

56. Defendant Hertz committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff, from a willful improper motive amounting to malice, and in conscious disregard of Plaintiff's rights and for the deleterious consequences of the Defendant Hertz actions. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

57. As a result of Defendant Hertz discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by Gov't. Code § 12965(b).

///

///

-10-

COMPLAINT FOR DAMAGES




## FOURTH CAUSE OF ACTION

### (Discrimination in Violation of FMLA 29 USC § 2615 and California Family Rights Act – Against Defendant Hertz and Does 1-100)

58.   The allegations of Paragraphs 1 through 57 are realleged and incorporated herein by reference.

59.   Plaintiff is an employee covered under Family and Medical Leave Act 29 U.S.C. § 2611(2) and the provisions of the California Family Rights Act codified under FEHA.

60.   Defendant Hertz is an employer as defined under Family and Medical Leave Act 29 U.S.C. § 2611(4) and Cal. Gov't. Code § 12926(d).

61.   Defendant Hertz and Does 1 – 100 and/or their agents/employees discriminated against Plaintiff and interfered with Plaintiff's exercise of rights under the FMLA 29 U.S.C. § 2615(a). Specifically, Defendant Hertz terminated Plaintiff during or shortly after her approved medical leave, in retaliation for exercising her rights under the FMLA and CFRA. This failure was the result of Defendant Hertz's retaliation against Plaintiff for taking legally protected medical leave.

62.   Furthermore, Defendant Hertz violated the California Family Rights Act by terminating Plaintiff due to Plaintiff exercising her legal rights under the CFRA.

63.   As a legal and foreseeable result of Defendant Hertz's conduct, Plaintiff has suffered and continues to suffer general and special damages and lost wages in an amount according to proof.

64.   The conduct of Defendant Hertz and/or its agents/employees as described herein was willful, malicious, oppressive, and done with a willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendant Hertz's actions.  Defendant Hertz and/or their agents/employees or supervisors authorized, condoned, and ratified the unlawful conduct of each other.

65.   At all times herein, the aforementioned acts of oppression, fraud or malice were authorized and/or ratified, with advance knowledge and conscious disregard, by Defendant Hertz. Consequently, Plaintiff is entitled to punitive damages against Defendant Hertz.

-11-

03/18/2016




66.    Plaintiff seeks relief under FMLA 29 USC § 2617 and Cal. Gov't. Code § 12965(b) for damages in the amount of wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of Defendant Hertz's violation of the FMLA, in an amount according to proof.  Plaintiff also seeks attorneys' fees and costs of suit, interest on the amount above, as well as liquidated damages equal to the amount above and other equitable relief as may be appropriate, including employment, reinstatement, and promotion, pursuant to FMLA 29 USC § 2617 and Cal. Gov't. Code § 12965(b).  This cause of action is properly before this court per FMLA 29 USC § 2617(a)(2) and the provisions of the California Family Rights Act codified under FEHA.

## FIFTH CAUSE OF ACTION

### (Failure To Prevent Discrimination (Gov't. Code § 12940(k)) -

### Against Defendant Hertz and Does 1-100)

67.    The allegations of Paragraphs 1 through 66 are realleged and incorporated herein by reference.

68.    At all times herein material, Defendant Hertz and/or its agents/employees, knew or reasonably should have known that the conduct alleged herein would and did proximately cause the physical and emotional distress to Plaintiff as alleged above.

69.    At all times herein material, Defendant Hertz and/or its agents/employees, had the power, ability, authority and duty to cease the conduct alleged above and to intervene to prevent or prohibit such conduct.

70.    In violation of Gov't. Code § 12940(k), Defendant Hertz and/or its agents/ employees, failed to take all reasonable steps necessary to prevent the above-alleged discrimination from occurring.

71.    As a direct, foreseeable and legal result of Defendant Hertz's actions against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in income, health benefits, sick and vacation time, retirement benefits, life insurance benefits and other employment related benefits, and has suffered and continues to suffer mental anguish, and emotional distress, plus

-12-

COMPLAINT FOR DAMAGES

 

1   physical injuries, pain and suffering, all to her damage in an amount according to proof.

2   Furthermore, Plaintiff has incurred and/or will incur medical expenses for treatment by health

3   professionals and for other incidental expenses. Plaintiff thereby is entitled to general and

4   compensatory damages in amounts to be proven at trial.

5        72.    Defendant Hertz and Does 1 – 100 committed the acts alleged herein maliciously,

6   oppressively and with the wrongful intention of injuring Plaintiff, from a willful improper motive

7   amounting to malice, and in conscious disregard of Plaintiff's rights and for the deleterious

8   consequences of Defendant Hertz's actions. Defendant Hertz and Does 1 – 100, through their

9   officers, managing agents and/or supervisors, authorized, condoned and ratified the unlawful

10  conduct. Plaintiff is thus entitled to recover punitive damages from Defendant Hertz and Does 1 –

11  100 in an amount according to proof.

12       73.    As a result of Defendant Hertz's discriminatory and unlawful acts as alleged

13  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by Cal. Gov't.

14  Code § 12965(b).

15

16                      **SIXTH CAUSE OF ACTION**

17       **(Failure to Accommodate Disability (Gov't. Code § 12940(m)) -**

18            **Against Defendant Hertz and Does 1-100)**

19       74.    The allegations of Paragraphs 1 through 73 are realleged and incorporated herein

20  by reference.

21       75.    Plaintiff had a physical disability caused by her pregnancy and related

22  complications which interfered with her ability to work, walk, or stand for long periods of time.

23       76.    From approximately October 2013, until the termination of her employment,

24  Defendant Hertz refused to reasonably accommodate Plaintiff's needs based on her physical

25  disability in the following manner: Defendant Hertz did not engage in any interactive process with

26  Plaintiff during the course of her medical issues, and there was no attempt by Defendant Hertz to

27  keep her position open long enough for Plaintiff to be able to return to her job.

28

-13-

COMPLAINT FOR DAMAGES




77.   At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of her position if such reasonable accommodation had been made by Defendant Hertz. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's physical disability, have been a danger to Plaintiff's or any other person's health or safety.

78.   Accommodation of Plaintiff's needs based on her physical disability would not have imposed an undue hardship on Defendant Hertz.

79.   Defendant Hertz's actions, as alleged above, constituted failure to reasonably accommodate a physical disability, in violation of Gov't. Code § 12940(m).

80.   As a direct, foreseeable and legal result of Defendant Hertz's actions, Plaintiff has suffered and will continue to suffer losses incurred in seeking substitute employment and in earnings, bonuses, and other employment benefits, and has suffered and continues to suffer substantial embarrassment, extreme and severe humiliation, mental anguish, and emotional distress, plus physical injuries, pain and suffering, all to her damage in an amount according to proof. Furthermore, Plaintiff has incurred and/or will incur medical expenses for treatment by health professionals and for other incidental expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

81.   Defendant Hertz and Does 1 – 100 committed the acts alleged herein maliciously, oppressively and with the wrongful intention of injuring Plaintiff, from a willful improper motive amounting to malice, and in conscious disregard of Plaintiff's rights and for the deleterious consequences of Defendant Hertz's actions. Defendant Hertz and Does 1 – 100, through their officers, managing agents and/or supervisors, authorized, condoned and ratified the unlawful conduct. Plaintiff is thus entitled to recover punitive damages from Defendant Hertz and Does 1 – 100 in an amount according to proof.

82.   As a result of Defendant Hertz's discriminatory and unlawful acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by Cal. Gov't. Code § 12965(b).

-14-

COMPLAINT FOR DAMAGES



### SEVENTH CAUSE OF ACTION

#### (Failure to Engage in the Interactive Process (Gov't. Code § 12940(n)) -
#### Against Defendant Hertz and Does 1-100)

83.     The allegations of Paragraphs 1 through 82 are realleged and incorporated herein by reference.

84.     Plaintiff has a physical disability caused by her pregnancy and related complications which interfered with her ability to work, as well as to walk and stand for long periods of time.

85.     From approximately October 2013 onward, Defendant Hertz failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations in response to Plaintiff's request for reasonable accommodations for her disability in the following manner: Defendant Hertz did not engage in any interactive process with Plaintiff during the course of her medical issues, and there was no attempt by Defendant Hertz to keep her position open long enough for Plaintiff to be able to return to her job.

86.     At all times mentioned herein, Defendant Hertz was aware of Plaintiff's disability and could have provided reasonable accommodations to Plaintiff had Defendant Hertz engaged in the interactive process. Further, at all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of her position if such reasonable accommodation had been made by Defendant hertz. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's physical disability, have been a danger to Plaintiff's or any other person's health or safety.

87.     Accommodation of Plaintiff's needs based on her physical disability would not have imposed an undue hardship on Defendant Hertz.

88.     Defendant Hertz's actions, as alleged above, constituted failure to engage in the interactive process, in violation of Gov't. Code § 12940(n).

89.     As a direct, foreseeable and legal result of Defendant Hertz's actions against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in lost income; lost sick and vacation time; and other employment related benefits, and has suffered and continues to suffer

-15-

COMPLAINT FOR DAMAGES



1   mental anguish, and emotional distress, plus physical injuries, pain and suffering, all to her damage

2   in an amount according to proof. Furthermore, Plaintiff has incurred and/or will incur medical

3   expenses for treatment by health professionals and for other incidental expenses. Plaintiff thereby is

4   entitled to general and compensatory damages in amounts to be proven at trial.

5       90.    Defendant Hertz and Does 1 – 100 committed the acts alleged herein maliciously,

6   oppressively and with the wrongful intention of injuring Plaintiff, from a willful improper motive

7   amounting to malice, and in conscious disregard of Plaintiff's rights and for the deleterious

8   consequences of Defendant Hertz's actions. Defendant and Does 1 – 100, through their officers,

9   managing agents and/or supervisors, authorized, condoned and ratified the unlawful conduct.

10   Plaintiff is thus entitled to recover punitive damages from Defendant Hertz and Does 1 – 100 in an

11   amount according to proof.

12       91.    As a result of Defendant Hertz's discriminatory and unlawful acts as alleged

13   herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by Cal. Gov't.

14   Code § 12965(b).

15

16                           **EIGHTH CAUSE OF ACTION**

17              **(Wrongful Termination in Violation of Public Policy -**

18                  **Against Defendant Hertz and Does 1-100)**

19       92.    The allegations of Paragraphs 1 through 91 are realleged and incorporated herein

20   by reference.

21       93.    Defendant Hertz terminated Plaintiff in violation of the public policies of the State

22   of California prohibiting retaliation against employees by terminating her for exercising her right to

23   FMLA/CFRA leave. Moreover, Defendant Hertz terminated Plaintiff due to her physical disability

24   relating to her pregnancy. These policies are expressed, in part, in the California Fair Employment

25   and Housing Act, Cal. Gov't. Code §§ 12900 et seq.; the California Constitution, Article 1, Section

26   8; other California statutes, and decisions of the California judiciary.

27       94.    As a direct and proximate result of Defendant Hertz's actions, Plaintiff has

28   suffered and will continue to suffer physical injuries, pain and suffering, and extreme and severe

-16-

COMPLAINT FOR DAMAGES




1  mental anguish and emotional distress and has incurred and will continue to incur medical expenses

2  for treatment by health professionals and for other incidental expenses. Plaintiff has suffered and

3  continues to suffer substantial losses incurred in seeking substitute employment and in earnings,

4  bonuses, and other employment benefits. Plaintiff is thereby entitled to general and compensatory

5  damages in amounts to be proven at trial.

6       95.    Defendant Hertz's conduct as described herein was malicious, fraudulent and

7  oppressive, and done with a conscious disregard for Plaintiff's rights and for the deleterious

8  consequences of the Defendant Hertz's actions. Defendant Hertz, through its managing agents

9  and/or supervisors, authorized, condoned and ratified the unlawful conduct. Consequently, Plaintiff

10  is entitled to punitive damages from Defendant Hertz in an amount to be proven at trial.

11

12                          **NINTH CAUSE OF ACTION**

13                  **(Intentional Infliction of Emotional Distress —**

14                          **Against All Defendants)**

15       96.    The allegations of Paragraphs 1 through 95 are realleged and incorporated herein

16  by reference.

17       97.    Commencing in or about October 2013, and continuing throughout the remainder

18  of Plaintiff's employment, Defendants, including Defendants Carter and Juden, harassed Plaintiff

19  based on her pregnancy and/or disability by making repeated rude and inappropriate comments

20  about Plaintiff's pregnancy, writing her up in relation to her sales numbers affected by pregnancy,

21  and refusing to acknowledge or accommodate her requests for assistance. Defendants, including

22  Defendants Carter and Juden, condoned the acts of their employees by allowing the remarks to have

23  been made, allowing the write-ups to occur, and by failing to investigate and remedy these actions.

24  Defendants also retaliated against Plaintiff for complaining about this harassment and

25  discrimination.

26       98.    As described above, Defendants, including Defendants Carter and Juden, and/or

27  their agents/employees engaged in outrageous conduct towards Plaintiff which went outside the

28  employment relationship, with the intention to cause, or with reckless disregard for the probability

                                   -17-

COMPLAINT FOR DAMAGES

1    of causing, Plaintiff to suffer severe physical and emotional distress. To the extent that said

2    outrageous conduct was perpetrated by certain Defendants, the remaining Defendants confirmed and

3    ratified said conduct with the knowledge that Plaintiff's emotional and physical distress would

4    thereby increase, and with a wanton and reckless disregard for the deleterious consequences to

5    Plaintiff.

6          99.     Defendants, and each of them, were aware and/or should have been aware of the

7    likelihood that Plaintiff would suffer severe emotional distress as a result of the above-described

8    outrageous conduct. The outrageous and shocking conduct of Defendants, and each of them, was

9    done intentionally and for the purpose of inflicting upon Plaintiff extreme and severe emotional

10   distress.

11         100.     As a direct, legal, and foreseeable result of the wrongful acts of Defendants,

12   Plaintiff has been harmed in that Plaintiff has suffered and will continue to suffer fear, insomnia,

13   depression, anxiety, stress, panic attacks, loss of self-esteem, and other psychological ailments, for

14   which she has and will continue to incur medical expenses. Furthermore, Plaintiff has incurred

15   substantial losses incurred in finding substitute employment, lost income, earnings, deferred

16   compensation, and other employment benefits. Plaintiff is thereby entitled to general and

17   compensatory damages in amounts to be proven at trial.

18         101.     The conduct of each of said Defendants and/or their agents/employees as described

19   herein was willful, malicious, oppressive, and done with a willful and conscious disregard for

20   Plaintiff's rights and for the deleterious consequences of Defendants' actions. Defendants and each

21   of them and/or their agents/employees or supervisors authorized, condoned, and ratified the

22   unlawful conduct of each other.

23         102.     At all times herein, the aforementioned acts of oppression, fraud or malice were

24   authorized and/or ratified, with advance knowledge and conscious disregard by Defendants.

25   Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

26   ///

27   ///

28

-18-

COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests the following judgment and relief:

### AS TO THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION:

1.     For damages according to proof at the time of trial, including losses incurred in seeking substitute employment; loss of earnings, bonuses, deferred compensation, and other employment benefits; lost future earnings; loss of seniority; lack of references; and other consequential damages;

2.     For interest on the amount of losses incurred in earnings, bonuses, deferred compensation and other employment benefits at the prevailing legal rate;

3.     For general and special damages according to proof at the time of trial;

4.     For compensatory damages for losses resulting from humiliation, mental anguish, and emotional distress according to proof;

5.     For reasonable attorney's fees in an amount according to proof;

6.     For exemplary and punitive damages in an amount to be determined at trial;

### AS TO THE EIGHTH AND NINTH CAUSES OF ACTION:

7.     For general and special damages according to proof at the time of trial;

8.     For compensatory damages for losses resulting from humiliation, mental anguish, and emotional distress according to proof;

9.     For exemplary and punitive damages in an amount to be determined at trial;

### AS TO ALL CAUSES OF ACTION

10.     For the costs of the suit herein incurred;

11.     For prejudgment interest according to law; and

12.     For such other and further relief as this Court may deem just and proper.

-19-

COMPLAINT FOR DAMAGES

1    Plaintiff further requests a trial by jury on all issues so triable.

2

3    Dated: March ___, 2016



LINDA GUTHMANN KRIEGER
PATRICK A. GANGITANO
KRIEGER & KRIEGER
A Law Corporation
Attorneys for Plaintiff
BRIDGET KORNS

-20-

COMPLAINT FOR DAMAGES

03/18/2016

03/18/2016

Exhibit A

## 👤 Complainant

⊙ less

Bridget                                          Koms

[Cell] Home   Office

[Home] Office   Other

California                                        ⬍

Age <your age>   Female          ⬍          Married                    ⬍

White                              ⬍          American [U.S.]            ⬍

Other Disability                   ⬍          Protestantism              ⬍

## 👥 Respondent

⊙ less

Hertz Local Edition Corp.

Lakeisha                          Carter

100   Employees                              Private Employer           ⬍

6269592033           <Ext>                   Cell   Home   [Office]

<Email>

2144 East Garvey South                       Home   [Office]   Other

West Covina                       91791       California                 ⬍

👤 add Co-Respondent

cking next will save your entries.

◀ Back                                                    Next ▶

For help filing, please call (800) 884-1684              by HoudiniE

PROTECTED BASIS] BECAUSE MY COWORKER MADE SEXUAL ADVANCES TOWARDS ME.)          REMAINING OF (4,000 CHARACTER LIMIT

Ms. Korns was terminated as a result of her pregnancy and related medical issues. She was hired by Hertz in August 2011, and informed her employer she was pregnant in or around October 2013. Hertz was aware that Ms. Korns had had previous miscarriages, and that her pregnancy was high-risk. Nevertheless, Hertz failed to reasonably accommodate her pregnancy-related medical restrictions, and failed to engage in the interactive process during her pregnancy. Hertz forced Ms. Korns to perform duties beyond what her medical restrictions allowed, and her pregnancy ultimately was compromised, resulting in pre-term labor at 20 weeks on March 26, 2014. The baby could not be saved, and passed away on March 28, 2014. Ms. Korns then underwent another procedure for additional complications, and required additional time off. Again, Hertz failed to engage in the interactive process or grant reasonable accommodations. Hertz ultimately terminated Ms. Korns on December 1, 2014, despite her doctors notifications that she should be cleared for work at the end of December. Ms. Korns had been previously told by Hertz management that "We dont want pregnant employees at our branch."

# Parties

clude your details and everyone involved in this case. (max 15 Co-Respondents)

## 🜨 Complainant                                                                    [ 👁 less ]

⊙ The Complainant is the individual that is filing the complaint. Attorneys, this is your client.

Bridget                                          Korns

██████████████████                        [ Cell ] Home  Office

██████████████

                                                 [ Home ] Office  Other

██████████            ███████           California                    ⇕

Age <your age>    Female              ⇕        Married                 ⇕

White                             ⇕        American [U.S.]          ⇕

Other Disability                  ⇕        Protestantism            ⇕

## 🜨 Respondent                                                                     [ 👁 less ]

⊙ Respondent is an individual or an entity that you wish to file a complaint against.

Hertz Local Edition Corp.

Lakeisha                                         Carter

100   Employees                                 Private Employer         ⇕

6268592233                    <Ext>                          Cell  Home  [ Office ]

ght To Sue | Korns Bridget 508398-150705 (Closed)          ⌂ Hom

(1) Instructions ╱ (2) Questionnaire ╱ (3) Confirm & Submit

# Right to Sue

For help filing, please call (800) 884-1684

ARE YOU FILING A REQUEST ON BEHALF OF ANOTHER PERSON?   Yes   No

👤 **Complainant's Representative**          👁 less

☐ This is the Complainant's representative. Typically an attorney.

Patrick                    Gangitano

5629012500          <Ext>                              Cell  Home  Office

pag@kriegerlaw.com

249 E Ocean Blvd Ste 750                         Home  Office  Other

Long Beach                    90802          California          ⇕

WHAT DATE DID THE MOST RECENT OR CONTINUING DISCRIMINATION TAKE PLACE?

📅 Date   2014-03-24

ALLEGE THAT I EXPERIENCED:

All          ⇕

BECAUSE OF MY ACTUAL OR PERCEIVED:

5 selected          ⇕

AS A RESULT - I WAS:

7 selected          ⇕

THE SUMMARY OF HARM(S) SHOULD INCLUDE THE INFORMATION THAT LINKS OR CONNECTS THE ALLEGED DISCRIMINATORY ACT TO THE
PROTECTED BASIS. E.G. I BELIEVE I WAS FIRED [DISCRIMINATORY ACT] DUE TO MY SEX [PROTECTED BASIS] BECAUSE MALE EMPLOYEES
WHO COMMITTED THE SAME VIOLATION WERE NOT FIRED OR I BELIEVE I WAS SEXUALLY HARASSED [DISCRIMINATORY ACT] DUE TO MY SEX
[PROTECTED BASIS] BECAUSE MY COWORKER MADE SEXUAL ADVANCES TOWARDS ME.)          REMAINING OF (4,000 CHARACTER LIMIT

Ms. Korns was terminated as a result of her pregnancy and related medical issues. She was hired by Hertz in August
2011, and informed her employer she was pregnant in or around October 2013. Hertz was aware that Ms. Korns had had

 



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

DIRECTOR KEVIN KISH

March 19, 2015

Patrick Gangitano
249 E Ocean Blvd Ste 750
Long Beach California 90802

RE:  **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 508398-150705
Right to Sue: Carter / Lakeisha Carter Hertz Local Edition Corp.

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.  You or your attorney must serve the complaint.  If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing





STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                      DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

March 19, 2015

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 508398-150705
Right to Sue: Carter / Lakeisha Carter Hertz Local Edition Corp.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of
Fair Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. This case is not being investigated
by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to
Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

03/18/2016



 STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                     GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758                     DIRECTOR KEVIN KISH
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

March 19, 2015

Lakeisha Carter
2144 East Garvey South
West Covina California 91791

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 508398-150705
Right to Sue: Carter / Lakeisha Carter Hertz Local Edition Corp.

Dear Lakeisha Carter,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective March 19, 2015 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing






STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758                    DIRECTOR KEVIN KISH
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Enclosures

cc:

03/18/2016



1  COMPLAINT OF EMPLOYMENT DISCRIMINATION

2  BEFORE THE STATE OF CALIFORNIA

3  DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

4  Under the California Fair Employment and Housing Act
   (Gov. Code, § 12900 et seq.)

5

6  In the Matter of the Complaint of          DFEH No. 508398-150705
7  Lakeisha Carter, Complainant.
   2144 East Garvey South
8  West Covina California 91791

9  vs.

10 Lakeisha Carter  Hertz Local Edition Corp.
11 Respondent.
   2144 East Garvey South
12 West Covina,  California 91791

13

14

15 Complainant alleges:

16 1. Respondent **Hertz Local Edition Corp.** is a **Private Employer** subject to suit under the California Fair
   Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).  Complainant believes respondent is
17 subject to the FEHA.

18 2. On or around **March 24, 2014**, complainant alleges that respondent took the following adverse actions
   against complainant: Discrimination, Harassment, Retaliation Denied a good faith interactive process,
19 Denied a work environment free of discrimination and/or retaliation, Denied family care or medical
   leave, Denied or forced to transfer, Denied pregnancy leave, Denied reasonable accommodation,
20 Terminated,  .  Complainant believes respondent committed these actions because of their: **Disability,
   Engagement in Protected Activity, Family Care or Medical Leave, Medical Condition - including Cancer,
21 Sex - Pregnancy** .

22 3. Complainant **Lakeisha Carter** resides in the City of **Alhambra**, State of California.  If complaint includes
   co-respondents please see below.

-5-
*Complaint – DFEH No. 508398-150705*

Date Filed: March 19, 2015

1

2   **Additional Complaint Details:**

3

4   Ms. Korns was terminated as a result of her pregnancy and related medical issues. She
was hired by Hertz in August 2011, and informed her employer she was pregnant in or

5   around October 2013. Hertz was aware that Ms. Korns had had previous miscarriages,
and that her pregnancy was high-risk. Nevertheless, Hertz failed to reasonably

6   accommodate her pregnancy-related medical restrictions, and failed to engage in the
interactive process during her pregnancy. Hertz forced Ms. Korns to perform duties

7   beyond what her medical restrictions allowed, and her pregnancy ultimately was
compromised, resulting in pre-term labor at 20 weeks on March 26, 2014. The baby

8   could not be saved, and passed away on March 28, 2014. Ms. Korns then underwent
another procedure for additional complications, and required additional time off. Again,

9   Hertz failed to engage in the interactive process or grant reasonable accommodations.
Hertz ultimately terminated Ms. Korns on December 1, 2014, despite her doctors

10  notifications that she should be cleared for work at the end of December. Ms. Korns had
been previously told by Hertz management that "We dont want pregnant employees at

11  our branch."

12

13

14

15

16

17

18

19

20

21

22

-6-
*Complaint – DFEH No. 508398-150705*

Date Filed: March 19, 2015

VERIFICATION

1

2   I, Patrick A. Gangitano, am the Attorney for Complainant in the above-entitled complaint.   I have read the
    foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those
3   matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

4   On March 19, 2015, I declare under penalty of perjury under the laws of the State of California that the
    foregoing is true and correct.

5

6                                                                          Long Beach, CA
                                                                           Patrick A. Gangitano
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

03/18/2015

DFEH 903-1

                                              -7-
                              Complaint – DFEH No. 508398-150705
Date Filed: March 19, 2015